GERALD P. DODSON (CA SBN 139602)
ERIKA L. LABIT (CA SBN 234919)
MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: 650.813.5600
Facsimile: 650.494.0792
E-mail: JDodson@mofo.com

Attorneys for Plaintiff
JUVENON, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JUVENON, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VITACOST.COM, INC., a Delaware Corporation,<br><br>Defendant. | Case No. C 04 4804 SI<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Juvenon, Inc. ("Plaintiff") and Defendant Vitacost.com, Inc. ("Defendant") through their respective counsel, that the following Stipulated Protective Order may be entered by the Court to give effect to the stipulations set forth below:

1.0    <u>Definitions</u>.

     1.1   "**Designating Party**" means the Plaintiff, Defendant or any non-party producing documents or information under this Stipulated Protective Order.

     1.2   "**Confidential**" or "**Highly Confidential**" Information means information that a Designating Party believes to be of a proprietary business or technical nature and not

readily available to the public and/or other third parties and includes documents produced during discovery, answers to interrogatories and responses to requests for admissions, depositions, hearing or trial transcripts, and tangible things, the information contained therein and all copies, abstracts, excerpts, analyses or other writings that contain, reflect or disclose such information.

    1.2.1 "Confidential" or "Highly Confidential" Information shall not include information that is in the public domain at the time of disclosure; information which after disclosure is published or becomes part of the public domain through no fault of a party receiving information under this Stipulated Protective Order, but only after it is published or comes into the public domain; information that is in the possession of a party receiving such information without any confidentiality obligations at the time of disclosure; or information disclosed by a third party having the legal right to do so.

    1.3 "Document" shall have the meaning ascribed to it in Rule 34(a), Federal Rules of Civil Procedure.

    1.4 "Employees" means full-time and part-time employees, and also temporary personnel, consultants, and/or contract employees who are providing secretarial, clerical, and/or administrative services only.

    2.0 Designation of "Confidential" and "Highly Confidential" Information

    2.1 Each Designating Party who produces or discloses any material that the Designating Party reasonably believes to comprise "Confidential" or "Highly Confidential" Information may designate the material as "Confidential" or "Highly Confidential" only if, prior to production, the document is clearly marked with a legend which states:

CONFIDENTIAL

or

HIGHLY CONFIDENTIAL.

2.2    An answer to an Interrogatory may be designated as "Confidential" or "Highly Confidential" Information by a statement made therein denoting the answer or a portion thereof "Confidential" or "Highly Confidential."

2.3    A deposition transcript or a portion thereof may be designated as "Confidential" or "Highly Confidential" Information by so designating on the record at the deposition.

3.0    Disclosure of "Confidential" or "Highly Confidential" Information

3.1    "Confidential" Information may only be disclosed to the following persons:

3.1.1    counsel of record (*i.e.*, counsel identified on the complaint, the answer and other pleadings filed with the Court) for the Plaintiff or Defendant in this Action and their legal staff assisting in this litigation and whose duties require access to "Confidential" Information;

3.1.1.1  The parties recognize that counsel for Vitacost, Mr. Ira Kerker, is Vitacost's in house General Counsel.  In view of this, Vitacost agrees that prior to disclosure of any of Juvenon's "Confidential" Information to any other Vitacost Employee, Vitacost will first identify to Juvenon the person(s) to whom it intends to disclose such "Confidential" Information accompanied by an executed copy (or copies) of Exhibit A.

3.1.1.2  Notwithstanding the provisions of Section 3.1.1.1, Mr. Kerker may show any of Juvenon's "Confidential" information to his legal staff assisting in this litigation whose duties require access to "Confidential" information without prior notification to Juvenon, even though such individuals are employees of Vitacost.  Mr. Kerker's legal staff includes by way of example, secretaries, paralegals, attorneys and clerks, but does not include officers or directors of Vitacost.

3.1.2    independent experts and/or consultants retained by counsel of record for the Plaintiff or Defendant, subject to the provisions of Section 4.0 of this Stipulated Protective Order;

3.1.3    third parties specifically retained to assist counsel of record in copying, or computer coding of documents, for purposes of copying or computer coding "Confidential" Information;

3.1.4    Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

3.1.5    the Court and the Court's staff.

3.2    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, "Highly Confidential" Information may only be disclosed by a Receiving Party to counsel of record (*i.e.*, counsel identified on the complaint, the answer and other pleadings filed with the Court) for the Plaintiff or Defendant in this Action and their legal staff who are assisting in this litigation and whose duties require access to "Highly Confidential" Information;

3.3    A Receiving Party may use "Highly Confidential" information or items disclosed or produced by another Party or by a non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such "Highly Confidential" information or items may be disclosed only to the categories of persons and under the conditions described in this Order. When a Final Disposition occurs, a Receiving Party must comply with the provisions of section 11.0, below.

3.4    "Highly Confidential" information or items must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4.0    Not less than ten (10) calendar days prior to the initial disclosure of "Confidential" or "Highly Confidential" Information to any person falling under the provisions of Sections 3.1.1, 3.1.1.1, 3.1.2, 3.1.3, 3.1.4, 3.1.5, 3.2, of this Stipulated Protective Order, the Party proposing to

1   make such disclosure shall serve (by facsimile and mail) the name, address, present employer and

2   title, and a signed Declaration in the form of Exhibit A, of the proposed recipient on the

3   Designating Party (and to the opposing Party, if the Designating Party is other than the Plaintiff or

4   the Defendant).

5          4.1    Within the period before disclosure of the "Confidential" or "Highly

6   Confidential" Information to the proposed recipient, the Party or non-Party whose "Confidential"

7   or "Highly Confidential" Information is concerned may serve (by facsimile and mail) a written

8   objection to such disclosure. Such an objection shall stay disclosure to the proposed recipient.

9   Failure to serve a written notice of objection within ten (10) calendar days shall be deemed

10  approval of a proposed recipient.

11         4.2    If a written objection is served pursuant to Section 4.1, and the objection is

12  not resolved by meeting and conferring and reaching an agreement, the "Confidential" or "Highly

13  Confidential" Information may not be disclosed to the proposed recipient without a Court Order.

14      5.0    Any written material constituting or disclosing "Confidential" or "Highly

15  Confidential" Information that is filed with the Clerk of the Court, including Court papers, shall

16  be stamped "Confidential" or "Highly Confidential" and shall be filed in a sealed envelope or

17  other appropriate sealed container on which shall be endorsed the title of this Action, an

18  indication of the nature of its contents, the identity of the Party filing the material, the word

19  "CONFIDENTIAL", and a statement substantially in the following form:

20
21                          CONFIDENTIAL
           SUBJECT TO PROTECTIVE ORDER
22              IN CASE NO. C 04 4804 SI
    UNITED STATES DISTRICT COURT FOR THE
        NORTHERN DISTRICT OF CALIFORNIA
23
24  The statement shall be endorsed on the front page of the written material itself.

25      6.0    Notwithstanding the provisions of Sections 2.0 - 2.3 of this Stipulated Protective

26  Order, a Designating Party that inadvertently fails to mark information as "Confidential" or

27
28

"Highly Confidential" at the time of production shall have ten (10) business days thereafter in which to correct such failure.

7.0     Counsel attending a deposition who inadvertently fails to designate any portion of the transcript as "Confidential" or "Highly Confidential" on the record at the deposition shall have ten (10) business days following the mailing of the transcript by the court reporter to correct such failure. Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portions of the transcript that contain confidential information, and directing the reporter to mark that portion of the transcript accordingly.

8.0     No person shall disclose to anyone not specified in Section 3.0 of this Stipulated Protective Order any information designated as "Confidential" or "Highly Confidential" Information without prior written consent of the Designating Party or further Order of this Court.

9.0     This Stipulated Protective Order is intended to provide a mechanism for the handling of "Confidential" or "Highly Confidential" Information, the disclosure or production of which is objected to only on the basis that the "Confidential" or "Highly Confidential" Information is confidential, proprietary or a trade secret. Each Party reserves the right to object to any disclosure of information or production of any documents it deems "Confidential" or "Highly Confidential" Information on any other ground it may deem appropriate. The designation of "Confidential" or "Highly Confidential" Information pursuant to this Stipulated Protective Order shall not create any presumption with respect to the confidential, proprietary, or trade secret nature of any information, documents or things.

10.0     Pretrial and Trial.

10.1     This Stipulated Protective Order is intended to regulate the handling of "Confidential" or "Highly Confidential" Information during the pretrial period of this litigation, but shall remain in force and effect thereafter until modified, superseded or terminated on the record by agreement of the parties hereto or by order of this Court.

10.2    Subject to the Federal Rules of Evidence or Order of the Court, "Confidential" or "Highly Confidential" Information may be offered in evidence at trial or at any Court hearing in this Action, provided that:

10.2.1  the proponent of the evidence advises the Court and the Designating Party that "Confidential" or "Highly Confidential" Information will be offered prior to its offer;

10.2.2  the evidence be received in camera or under other conditions to prevent disclosure to any persons other than the judge, the jury, the court reporter, counsel of record, any witness testifying with respect to the evidence, and other persons who are entitled to receive the appropriate category of "Confidential" or "Highly Confidential" Information under the terms of this Stipulated Protective Order.

11.0    Upon final termination of this action with respect to any Party, that Party shall, at the option of the Designating Party, either return to the Designating Party or destroy all "Confidential" or "Highly Confidential" Information in its possession except such pretrial and trial records as are regularly maintained by outside counsel in the ordinary course of business, which records must be confidential in conformity with this Stipulated Protective Order.

12.0    If "Confidential" or "Highly Confidential" Information is disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the Party responsible for the disclosure must immediately inform the Designating Party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

13.0    Nothing in this Stipulated Protective Order shall limit or restrict the manner in which the Plaintiff or Defendant shall handle their own "Confidential" or "Highly Confidential" Information.

Date: *June 23, 2005*    By: _____
                             Gerald P. Dodson

MORRISON & FOERSTER, LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone: (650) 813-5600

Attorney for Plaintiff
JUVENON, INC.

Date: *June 24, 2005*    By: _____
                             Ira Kerker

VITACOST.COM, INC.
2055 High Ridge Road
Boynton Beach, Florida 33426

Attorney for Defendant
VITACOST.COM, INC.

IT IS SO ORDERED:

Date: 7/5/05

as amended

_____
United States District Judge

EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUVENON, INC., a California Corporation,<br><br>        Plaintiff,<br><br>  vs.<br><br>VITACOST.COM, INC., a Delaware Corporation,<br><br>        Defendant. | Case No. C 04 4804 SI<br><br>**STIPULATED PROTECTIVE ORDER** |

1.    My name is _____.

2.    I reside at _____.

3.    I am presently employed as (position) _____ by (state name and address of employer) _____ _____.

4.    I have read the Stipulated Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Stipulated Protective Order, and agree to comply with and to be bound by the provisions of the Stipulated Protective Order.

5.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, at _____